THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JOHN W. GILDAY, as Executive Director of
the ELECTRICAL INDUSTRY BOARD OF NASSAU
AND SUFFOLK COUNTIES, NEW YORK,
KEVIN HARVEY, Business Manager of LOCAL
UNION NO. 25 INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS and JOHN
DOE and JANE DOE, beneficiaries of the TRUST
FUNDS administered by the ELECTRICAL INDUSTRY
BOARD OF NASSAU AND SUFFOLK COUNTIES,
NEW YORK,

                      Plaintiffs,

    -against-

INTER-COUNTY LIGHTING, INC. and
NANCY FANNING,

                      Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

CV 14-0017

SPATT, J.

TOMLINSON, M.J.

Plaintiffs, by their attorneys, LAWLER MAHON & ROONEY LLP for their complaint, respectfully allege:

1.    This is an action against INTER-COUNTY LIGHTING, INC., and NANCY FANNING (collectively the "Defendants") arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 152 *et seq.*, to recover delinquent contributions owed to employee fringe benefit trust funds and to audit the books and records of Defendant INTER-COUNTY LIGHTING INC.

## JURISDICTION AND VENUE

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and principles of supplemental jurisdiction.

3. Venue is properly laid in the Eastern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) in that, as shown below, the subject Funds are administered in the County of Suffolk, State of New York.

## THE PARTIES

4. Plaintiff, JOHN W. GILDAY, is the Executive Director of the ELECTRICAL INDUSTRY BOARD OF NASSAU AND SUFFOLK COUNTIES, NEW YORK (the "EIB"), and is a "Fiduciary" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5. The EIB is an unincorporated association established pursuant to the New York State General Association Law, having its principal office for the transaction of business at 372 Vanderbilt Motor Parkway, Hauppauge, New York 11788.

6. Plaintiff, KEVIN M. HARVEY, Business Manager of LOCAL UNION NO. 25, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, ("Local Union No. 25") is a Trustee of the EIB and a "Fiduciary" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. Local Union No. 25 is located at 370 Vanderbilt Motor Parkway, Hauppauge, New York.

8. Pursuant to an Agreement entitled Collective Bargaining Agreement between INTER-COUNTY LIGHTING, INC., and Local Union No. 25 of the International Brotherhood of Electrical Workers" dated September 15, 2006 (the "Agreement") the EIB was authorized to administer the various benefit funds as set forth and as defined in the Agreement.

9. Pursuant to the terms of the aforesaid Agreement, the EIB is contractually obligated to administer certain fiduciary wage and fringe benefit supplement funds (the "Funds") provided for under the terms of the Agreement. Such Funds are identified by the following designations:

a) Health and Benefit Trust Fund; b) Vacation Holiday Trust Fund; c) Pension Trust Fund; d) Annuity Trust Fund; e) Joint Apprenticeship and Training Trust Fund; f) 401(k) Trust Fund; g) Electrical Industry Board Trust Fund; and h) the National Electrical Benefit Fund. Each of such Funds were created under separate Trust Indentures for the benefit of employees pursuant to Section 302 of the LMRA, 29 U.S.C. § 186, as amended, and other federal statutes.

10. The Health and Benefit Fund, Vacation Holiday Trust Fund, Joint Apprenticeship and Training Fund, Electrical Industry Board Fund are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), established for the purpose of providing medical and other benefits to the employees of contributing employers.

11. The Pension Fund, Annuity Fund and 401(k) Trust Fund and the National Electrical Benefit Fund are employee pension benefit plans within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), established for the purpose of providing retirement income to employees.

12. JOHN DOE and JANE DOE are beneficiaries of the aforesaid employee benefit plans within the meaning of Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

13. The Funds constitute multi-employer employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

14. Upon information and belief, Defendant INTER-COUNTY LIGHTING, INC. is a corporation organized under and existing by virtue of the laws of the State of New York, doing

business in the State of New York, with their principal places of business for the transaction of business located at 240 Central Avenue, Farmingdale, NY 11735.

15. Defendant NANCY FANNING is the owner and operator of Defendant INTER-COUNTY LIGHTING, INC., and as such is personally responsible for ERISA contributions to be made on behalf of Defendants.

16. Upon information and belief, Defendants are an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## AS AND FOR A FIRST CAUSE OF ACTION

17. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered "1" through "16" inclusive, with the same force and effect as though more fully set forth at length herein.

18. At all relevant times, Defendants were legally bound by the terms and conditions of the relevant Agreements between the Defendants and Local 25. *See Exhibit A.*

19. Pursuant to the terms and conditions of the Agreement, the EIB is contractually obligated to administer said agreement and to administer the fiduciary wage supplement funds provided for thereunder, which Funds are fully set forth in Paragraphs 9 and 10 above.

20. Pursuant to the Agreement, Defendants are obligated to file employment reports and make contributions to the Funds in accordance with the Regulations and Plans adopted by the Trustees of the respective Fiduciary Funds and the EIB.

21. At all times relevant herein, Defendants employed Local Union No. 25 members in Nassau and Suffolk Counties, New York. Based upon such employment and pursuant to the terms and conditions of the Agreement, the Defendants were obligated to pay contributions to

each of the Funds, the amount of such contributions to be based upon the weekly gross labor payroll of the Defendants and the total weekly pay hours of their respective employees.

22. Contractors, such as the Defendants, who agree to be bound by the Agreement are required to make contributions to the various funds administered by the EIB.

23. That, despite repeated efforts by the EIB to collect the contributions owed, the Defendants remain delinquent in making the proper contributions.

24. Upon information and belief, the contractually required contribution owed by the Defendants to the funds for the period of September, 2011 through and including September, 2013 totals approximately $125,358.69. The precise figure cannot be determined because the Defendant has not filed timely and accurate employment reports for those months to date in which it was required to make contributions as required by the Agreement and Section 209 of ERISA, 29 U.S.C. § 1059.

25. The Agreement requiring contributions to the Funds referred to in Paragraph 9 and 10 above, as well as the Rules and Regulations of the EIB in effect at the time of the Defendants' defaults, omissions and breaches of the aforesaid Agreement also provides as follows:

> Without limiting the general powers of the Trustees, the Trustees of each Fund, directly, jointly, or through the Electrical Industry Board shall have the power to require any Employer, and an Employer when so required, shall furnish to the Trustees, such information and reports as they may require to collect contributions to the Trusts. The Trustees of each Fund, directly, jointly, or through the Electrical Industry Board or any other authorization agent or representative shall have the right, at all reasonable times during business hours, to enter upon the premises of the Employers to examine and copy such of books, records, papers, and reports of said employers as may be necessary to permit the Trustees to determine whether said Employers are making full payment to the Trustees of the

amounts required by the Collective Bargaining Agreement. In addition to all other procedures and remedies available to the Trustees to enforce the payment of the Employer Contributions to the Funds, the Trustees shall have the power to require any Employer who does not make proper and timely contributions as required by this Collective Bargaining Agreement to pay, in addition to such contributions found due and owing:

    A.    Interest per annum on the amount due at 1% above the best interest rate charged by the bank named for that purpose in the Trust Agreements to substantial and responsible commercial borrowers as of the date of the Employer's default in contributions to the Fund, provided, however, that such interest shall not be less than 6% per annum.

    B.    Any expenses incurred in the auditing of such Employer's books and records, and all other expenses incurred to effect collection of delinquent monies owed to the Fund including, where court action has been instituted, attorneys' fees and costs.

    C.    In addition to the foregoing, an amount equal to or greater (i) interest on unpaid contributions at 1% above the prime rate as published in the New York Times as of the date of the Employer's default in contributions or (ii) liquidated damages in an amount of twenty percent (20%) of the unpaid contributions, whichever is greater.

26.    As a direct and proximate result of the Defendants' defaults, omissions and breaches of the aforesaid Agreement, as a contractual party thereto, as well as the failure of the principal officers and shareholders thereof to comply with the pertinent Federal and New York State statutes applicable thereto, the Plaintiffs have sustained damages in an amount to be determined and will continue to sustain similar and additional damages until all fiduciary fund benefit contributions now due and owing together with accumulated interest, penalties and other allowable statutory expenses are paid in full.

### AS AND FOR A SECOND CAUSE OF ACTION

27.    Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered "1" through "26" inclusive, with the same force and effect as though more fully set

forth at length herein.

28. Under the terms of the aforementioned Agreement and ERISA, an employer is required to make payments to the Funds based on an agreed sum or percentage for each employee hour of its hourly payroll worked or wages paid in covered employment, and to report such employee hours and wages to the Funds.

29. Under the terms of the EIB's Rules and Regulations, Declaration of Trust, Agreement, State law and ERISA, Plaintiffs are entitled to audit the Defendant's books and records.

30. Upon information and belief, Defendant may have under-reported the number of employees, the amount of employee hours and wages paid to their employees and the contributions due.

**WHEREFORE**, Plaintiffs demand judgment on the First Cause of Action as against Defendants as follows:

1. Of the Defendant in an amount to be determined plus any additional monies that may be determined to become justly due and owing to the Funds during the pendency of this action and before final judgment, together with:

2. Prejudgment interest, computed at the plan rate or the applicable United States treasury rate from the date on which the first payment was due, on the total amounts owed by the Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

3. Penalty interest or liquidated damages as provided for in the Agreement and Trust Indentures referred to herein and in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C); and

4. Attorneys' fees, costs and disbursements in accordance with the Agreement and

Trust Indentures referred to herein and in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

    5.    All other costs permitted by the Agreement and Trust Indentures referred to herein.

**WHEREFORE**, Plaintiffs demand judgment on the Second Cause of Action as against Defendant as follows:

    1.    An order requiring Defendant to submit all books and records to the Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E);

    2.    Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E); and

    3.    That Plaintiffs have such other, further and different relief as to the Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
        December 19, 2013

                LAWLER MAHON & ROONEY LLP

By: _____
James J. Mahon (JM-5405)
Attorneys for Plaintiffs
36 West 44th Street, Suite 1416
New York, New York 10036
(212) 584-2990

Case 2:14-cv-00017-ADS-AKT Document 1 Filed 01/02/14 Page 8 of 8 PageID #: 8